# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DAMON ANTRON JOHNSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV616-091 |
| UNITED STATES OF AMERICA, | ) ) | CR610-006 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Having been sentenced as a career offender to 162 months for possession with intent to distribute (PWID) cocaine in violation of 21 U.S.C. § 841, doc. 86,[1] Damon Antron Johnson moves under 28 U.S.C. § 2255 for resentencing absent the U.S.S.G. § 4B1.1 enhancement used to calculate his recommended Guidelines range sentence.[2] Doc. 96. As the

---

[1] All citations are to the criminal docket in CR405-334 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Like many other federal prisoners of late, he argues that under *Johnson v. United States*, ___U.S.___, 135 S. Ct. 2551 (2015), § 4B1.1 is unconstitutionally vague and thus that he no longer qualifies as a career offender. Doc. 96 at 4 ("Petitioner's career offender enhancement can no longer stand in light of *Johnson*.").

The Armed Career Criminal Act -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as,

Government correctly points out, *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), currently bars his claim. Every other circuit disagrees with or accepts governmental concessions contrary to *Matchett*,³ and the Supreme Court agreed to resolve that circuit split in *Beckles v. United States*, ___ U.S. ___, 136 S.Ct. 2510 (2016) (granting *certiorari* to decide whether *Johnson* applies to § 4B1.1 enhancements).

Normally, the Court would consider whether to stay this case until *Beckles* is decided, but the Government correctly cites Johnson's two prior PWID convictions,⁴ Presentence Investigation Report (PSR) ¶¶ 33, 35, which both qualify as "controlled substance offenses" under the career-offender Guideline. They are separately defined in a way that

---

among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557.

³ *See, e.g., United States v. Soto–Rivera*, 811 F.3d 53 (1st Cir. 2016); *United States v. Welch*, 641 F. App'x 37, 43 (2d Cir. 2016); *United States v. Townsend*, 638 F. App'x 172, 177-78 (3d Cir. 2015); *United States v. Frazier*, 621 F. App'x 166 (4th Cir. 2015); *United States v. Pawlak*, 822 F.3d. 902, 911 (6th Cir. 2016); *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015); *United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015); *United States v. Benavides*, 617 F. App'x 790 (9th Cir. 2015); *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015). Three Eleventh Circuit judges question *Matchett's* vitality. *In re Clayton*, ___ F. 3d ___, 2016 WL 3878156 at *1-17 (11th Cir. July 18, 2016) (concurrences).

⁴ Unlike the Armed Career Criminal Act ("ACCA") that *Johnson* addressed, and which requires three predicates, § 4B1.1 asks only for two. *See* U.S.S.G. § 4B1.1(a)(3); *McPherson v. United States*, 2016 WL 3636649 at * 2 n. 4 (S.D. Ga. June 29, 2016).

includes none of the problematic residual-type language at issue in *Johnson*. *See* U.S.S.G. § 4B1.2(b) ("[A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."). Those two "controlled substance offenses" alone were sufficient to qualify Johnson as a career offender.

Accordingly, Damon Antron Johnson's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot. Finally, the Probation Department is **DIRECTED** to file the PSR under seal.

**SO REPORTED AND RECOMMENDED,** this  30th   day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA